**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MOUNTAINVIEW MANAGEMENT NJ LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| PLUM RIDGE APARTMENTS, LLC, | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Comes now the Plaintiff, Mountainview Management NJ LLC, by its undersigned Counsel, and for its Complaint against the Defendant Plum Ridge Apartments, LLC states and alleges as follows:

**I. Parties, Venue and Jurisdiction**

1.      Plaintiff, Mountainview Management NJ LLC ("Mountainview"), is a New Jersey limited liability company in which all of its members are citizens of New Jersey and with its principal place of business located at 1135 E. Veterans Hwy., Suite 105, Jackson Township, New Jersey 08527.  Mountainview brings this action against Defendant Plum Ridge Apartments, LLC ("Plum Ridge").

2.      Defendant Plum Ridge is an Indiana corporation with its principal place of business located in Jeffersonville, Indiana.  Upon information and belief, none of the members of Plum Ridge are citizens of New Jersey.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this judicial district.  Venue is also proper under §1391(c)(2).

4.      This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §1332 (a)(1) as the Plaintiff and the Defendant are citizens of different States and the amount in

controversy exceeds $75,000, exclusive of interest and costs.

## II. Factual Background and Relief Sought

5.      Plum Ridge is the owner of real property located at 8500 Westmont Drive, Sellersburg, Indiana (the "Land").

6.      Plum Ridge is improving the Land by constructing multifamily buildings and related improvements containing 204 leasable residential units contained in eight (8) separate buildings ("Improvements").

7.      By Purchase and Sale Agreement dated April 6, 2022 ("PSA") (attached hereto as Exhibit "A"), Plum Ridge agreed to sell the Land and the Improvements to Mountainview for $37,275,000.  The date of the Agreement (April 6, 2022) is referred to in the PSA as the "Effective Date".

8.      Closing on the PSA was to take place on or about 20 days after the issuance of a final certificate of occupancy for all 204 units and the buildings in which they were located.

9.      At the time that the PSA was executed, Plum Ridge had commenced construction of the 204 apartment units some of which had been completed and rented, which leases would be transferred to Mountainview at the closing of the PSA.

10.      After the execution of the PSA, it was anticipated that as each of the additional buildings were completed, Plum Ridge would rent those completed units, which leases would be transferred to Mountainview at the closing of the PSA.

11.      Critically, in Section 7.1.10 of the PSA, Plum Ridge provided a representation, covenant and warranty that, after the date of the PSA all new tenant leases would be at a rental rate of not less than $1,200 per month and that all leases already in place as of the date of the PSA would be renewed at a monthly rate of not less than $1,200.

2

12.     The PSA provided in Section 3 that Mountainview would make payments at certain construction benchmarks, to wit:

- $300,000 within 3 business days of the date of the PSA ("First Deposit");

- $150,000 within 3 business days after Plum Ridge completed the sixth building; and ("Second Deposit"),

- $150,000 within 3 business days after Plum Ridge completed the seventh building ("Third Deposit").

13.     Mountainview timely made the First Deposit.

14.     In late December 2022, Mountainview became concerned that leases in place before the Effective Date had been renewed for less than $1,200, in breach of Section 7.1.10 of the PSA.

15.     Mountainview was also concerned that after the Effective Date, Plum Ridge had entered into new leases for less than $1200, again in breach of paragraph 7.1.10.

16.     Thus, in accordance with Section 16.2 ("Further Assurances") of the PSA, Mountainview requested a copy of an updated Rent Roll, which would show the amount of monthly rent for any lease renewals and the monthly rent of all leases entered after the Effective Date.

17.     As the Second Deposit was due to be paid on January 3, 2023, Mountainview needed to determine for both itself and to its Lender, that Plum Ridge had not, in fact entered into new leases or renewed leases for less than $1,200 per month as they suspected.

18.     In late December and every day thereafter, Plum Ridge, in blatant breach of Section 16.2 of the PSA, has steadfastly refused to provide Mountainview with a Rent Roll.

19.     Instead, in an obvious attempt to cover up its breach of Section 7.1.10 of the PSA, by letter dated January 6, 2023, in breach of the PSA and its implied covenant of good faith and

fair dealing, Plum Ridge declared Mountainview in default of the PSA for its failure to pay the Second Deposit that was due on January 3, 2023, and demanded that the $300,000 First Deposit immediately be released to Plum Ridge.

20.    Subsequent to Plum Ridge's January 6, 2023 letter, Mountainview discovered that in breach of Section 7.1.10 of the PSA, Plum Ridge was, in fact, advertising the new apartments for $1,100.

21.    In response to Plum Ridge's January 6th missive, by letter dated January 31, 2023, Mountainview rejected Plum Ridge's claim of breach and declared Mountainview in breach of Sections 7.1.10, 16.2 and 16.19 of the PSA.  Mountainview also advised Plum Ridge that it had failed to comply with obligations under Section 5.1.2 of the PSA, which permitted Mountainview with the unilateral right to terminate the PSA and have any and all deposit monies returned.

22.    Plum Ridge has refused to authorize the escrow agent to return the $300,000 in deposit monies to Mountainview.

23.    In accordance with Section 15.1 of the PSA, in addition to the return of the $300,000 deposit monies, Plum Ridge is required to reimburse Mountainview for its out of pocket expenses incurred not to exceed $50,000.

24.    In accordance with Section 16.7 of the PSA, Mountainview is entitled to recover its reasonable attorney's fees and costs.

**COUNT I**
**(Breach of Contract)**

25.    Mountainview incorporates paragraph 1-24 as if set forth herein.

26.    For the reasons set forth above, Plum Ridge has breached the PSA resulting in substantial monetary damages to Mountainview.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mountainview Management NJ LLC, demands judgment against Defendant, Plum Ridge Apartments, LLC, as follows:

A.  For a declaration that Plum Ridge Apartments, LLC has breached the PSA;

B.  For an order requiring the escrow agent to release the $300,000 in deposit monies plus accrued interest to Mountainview Management NJ LLC;

C.  For Plum Ridge Apartments, LLC to reimburse Mountainview Management NJ LLC for all of its out-of-pocket expenses incurred (not to exceed $50,000);

D.  For reasonable attorneys' fees and costs; and,

E.  For such other and further relief as the Court deems appropriate.

Respectfully submitted,

**WONG FLEMING P.C.**

/s/ Tasha R. Roberts
Tasha R. Roberts, Ind. Atty. No. 22520-49

Attorney for Plaintiff Mountainview Management NJ LLC

Tasha R. Roberts
**WONG FLEMING, P.C.**
118 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 631-0172
Facsimile: (317) 631-0178
E-mail: troberts@wongfleming.com