UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION


MOUNTAINVIEW MANAGEMENT NJ LLC,
    Plaintiff,

v.                                  Case No. 4:23-cv-00126-TWP-KMB

PLUM RIDGE APARTMENTS, LLC
    Defendant.

## ANSWER, DEFENSES, AND COUNTERCLAIM

Come now the Defendant Plum Ridge Apartments, LLC. ("Plum Ridge") and ("Defendant"), by its attorneys Young, Lind, Endres & Kraft, by Justin E. Endres, and for the Answer to Plaintiff's Amended Complaint, Defenses, and Counterclaim state as follows:

## ANSWER

1.    Defendant denies paragraph one (1) for lack of knowledge.

2.    Defendant admits paragraph two (2) to the extent that it alleges Plum Ridge Apartments LLC is a single member LLC and that Matthew C. Oakley is the sole member, who is also a citizen of Indiana. Defendant denies that the Exhibits are all of the business filings of Defendant and deny that MCO Properties are relevant to Defendant.

1

3.   Defendant admits paragraph three (3) to the extent it alleges venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Defendant denies the remaining allegations of paragraph three (3).

4.   Defendant admits paragraph four (4).

5.   Defendant admits paragraph five (5).

6.   Defendant admits paragraph six (6).

7.   Defendant admits paragraph seven (7).

8.   Defendant admits paragraph eight (8).

9.   Defendant admits paragraph nine (9).

10.   Defendant admits paragraph ten (10) to the extent that Defendant intended to complete the additional buildings but denies the remaining allegations of Paragraph then (10).

11.   Defendant admits paragraph eleven (11) only to the extent that the PSA includes Section 7.1.10, which such Section speaks for itself. Defendant denies the remaining allegations or implications of Paragraph eleven (11).

12.   Defendant admits paragraph twelve (12).

13.   Defendant admits paragraph thirteen (13).

14.   Defendant denies paragraph fourteen (14).

15.   Defendant denies paragraph fifteen (15).

16.   Defendant denies paragraph sixteen (16).

17.   Defendant denies paragraph seventeen (17).

18.   Defendant denies paragraph eighteen (18).

19.     Defendant denies paragraph nineteen (19). Defendant however admits that Plaintiff has defaulted on the PSA.

20.     Defendant denies paragraph twenty (20).

21.     Defendant denies paragraph twenty-one (21).

22.     Defendant denies paragraph twenty-two (22).

23.     Defendant denies paragraph twenty-three (23).

24.     Defendant denies paragraph twenty-four (24).

25.     Paragraph 25 is a statement of inclusion and requires no admission or denial. Insofar as a response is needed, Defendant denies same.

26.     Defendant denies paragraph twenty-six (26).

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      That any harm alleged by Plaintiff is a result of its own willful and/or negligent acts.

3.      Plaintiff's allegations are barred by the statute of frauds.

4.      Plaintiff's claims are barred by estoppel, laches and waiver.

5.      Plaintiff's claims are barred by breach and anticipatory repudiation.

6.      That Plaintiff's claims are barred by the doctrine of unclean hands.

7.      Defendants reserve the right to amend and/or supplement its affirmative defenses prior to the time of trial, or during trial, as additional evidence is presented and discovery is developed.

8.      The Court may award costs and attorneys' fees to Defendants per the terms of the PSA.

## COUNTERCLAIM

### Venue and Jurisdiction

1.      Counterclaim-Plaintiff, Plum Ridge Apartments, LLC ("Plum Ridge") is an Indiana limited liability company engaged in real estate development in Clark County, Indiana.

2.      Plum Ridge has one member, Matthew C. Oakley, who is a citizen and resident of Indiana.

3.      Counterclaim-Defendant, Mountainview Management NJ LLC ("Mountainview" or "Defendant") is a limited liability company registered in New Jersey.

4.      Based on information and belief Defendant has two members, Israel Neiss and Simcha Kraus.  Both are citizens and residents of New Jersey.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) as the Counterclaim-Plaintiff and Counterclaim-Defendant are citizens of different states and the amount in controversy exceeds $75,000.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is situated.

## Factual Background

7.    Plum Ridge entered into a Purchase Agreement with Defendants in April 2022 for the sale of certain real estate referred to as Plum Ridge Apartments. A true and accurate copy of the Purchase Agreement and Amendments are attached as **Exhibit A**.

8.    The real estate subject to the Purchase Agreement is located at 8500 Westmont Drive, Sellersburg, Indiana (the "Real Estate").

9.    Counterclaim-Defendants, Mountainview agreed to purchase the Real Estate and 8 apartment buildings for Thirty-Seven Million Two Hundred Seventy-Five Thousand Dollars ($37,275,000.00).

10.    As part of the Purchase Agreement, Mountainview agreed to deposit Six Hundred Thousand Dollars ($600,000.00) as earnest money prior to closing (the "Deposit").

11.    The Deposit was broken up into three separate payments.  An initial payment, and two more payments as buildings were completed.  All three payments together are defined in the Purchase Agreement as the Deposit.

12.    Counterclaim-Defendant Mountainview agreed to deposit Three Hundred Thousand Dollars ($300,000.00) with Madison Title Agency LLC within three business days of the date of the Purchase Agreement being signed.

13.     Madison Title is holding this initial Three Hundred Thousand Dollars ($300,000.00) portion of the Deposit.

14.     Within three business days of Plum Ridge completing at least six (6) apartment buildings out of eight, and a Certificate of Occupancy being issued, Counterclaim-Defendant Mountainview was required to deposit an additional sum of One Hundred Fifty Thousand Dollars ($150,000.00) (the "Second Deposit") with Madison Title.

15.     Within three business days of Plum Ridge completing at least seven (7) apartment buildings out of eight, and a Certificate of Occupancy being issued, Counterclaim-Defendant, Mountainview was required to deposit an additional sum of One Hundred Fifty Thousand Dollars ($150,000.00) (the "Third Deposit") with Madison Title.

**Default of Second Deposit Payment**

16.     Plum Ridge completed the construction of Building G and obtained a Certificate of Occupancy December 8, 2022.   This was the sixth building to be completed.

17.     Counterclaim-Defendant, Mountainview failed to make the Second Deposit in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) when it became due.

18.     Plum Ridge demanded that the Second Deposit be made.

19.     Counterclaim-Defendant, Mountainview failed to make the deposit.

20.     Plum Ridge further demanded that Counterclaim-Defendant, Mountainview make the deposit through correspondence dated January 6, 2023, attached as **Exhibit B**.

21.     Counterclaim-Defendant, Mountainview continued in its refusal to pay the Second Deposit.

<u>Default of Third Deposit Payment</u>

22.     Plum Ridge completed the construction of Building H and obtained a Certificate of Occupancy May 9, 2023.  This was the seventh building to be completed.

23.     Counterclaim-Defendant, Mountainview failed to make the Third Deposit in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) when it became due.

24.     Plum Ridge demanded that Counterclaim-Defendant Mountainview make the deposit through correspondence dated May 9, 2023, attached as **Exhibit C**.

25.     Counterclaim-Defendant, Mountainview continued in its refusal to pay the Third Deposit.

26.     Counterclaim-Defendant chose not to pay the deposits of close the transaction in violation of the terms of the Purchase Agreement.

27.     Plum Ridge accelerated its constructions schedule causing increased costs, and kept the real estate from being actively marketed during the time of the Purchase Agreement.

28.     Plum Ridge has suffered damages from Defendant's breach.

29.     The parties agreed to a remedy of such damages in the Purchase Agreement

30.     Per the terms of the parties' Purchase Agreement, Mountainview shall forfeit the entire Six Hundred Thousand Dollar ($600,000.00) Deposit to Plum Ridge upon Default.

31.     Counterclaim-Defendant, Mountainview has refused to pay the Deposit and has refused to authorize the Escrow Agent to release the portion of the Deposit it is holding.

32.     Defendant Madison Title Agency was named in the original state court action because it is holding the first portion of the Deposit in the amount of Three Hundred Thousand Dollars ($300,000.00).

33.     That parties agreed in Section 16.7 of the Purchase Agreement that the prevailing party in any action or proceeding shall be entitled to recover its reasonable attorneys' fees and costs.

34.     Plum Ridge is entitled to recover attorney fees.

35.     The Parties agreed in Section 16.10, that this Agreement shall be construed and enforced in accordance with the laws of the State of Indiana.

Count I—Breach of Contract

36.     Plum Ridge incorporates it allegations of paragraphs 1-32 as if set forth herein.

37.     The parties entered into a valid and enforceable contract.

38.     Mountainview breached that contract.

39.     Plum Ridge suffered damages as a result of the Mountainview breach of contract.

WHEREFORE, Counterclaim-Plaintiff demands personal judgment against Mountainview Management NJ LLC, for the Deposit, seeks this Court to direct Escrow Agent Madison Title to pay the portion of the funds it is holding to Plaintiff Plum Ridge as partial credit to that judgment amount, and to enter judgment for Plaintiff to recover attorney's fees and costs as further determined; and for all other relief just and proper in the premises.

Respectfully submitted,


*/s/Justin E. Endres*
Justin E. Endres, #28205-22
YOUNG, LIND, ENDRES & KRAFT
126 W. Spring Street
New Albany, IN 47150
Ph: 812.945.2555
Fax: 812.948.6956